# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1333V
UNPUBLISHED

| | |
|---|---|
| VANESSA RICHARDSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 14, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu);<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA). |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Emilie Williams, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On October 6, 2020, Vanessa Richardson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine administered on December 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 13, 2022, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table, and that compensation is appropriate. Specifically, Petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of Petitioner's pain occurred within 48 hours after receipt of an intramuscular vaccination; Petitioner's pain

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's right shoulder symptoms. Respondent further agrees that Petitioner met the statutory requirements by suffering the condition for more than six months. Rule 4(c) Report (ECF No. 23) at 1, 5-6 (citing 42 C.F.R. §§ 100.3(a), (c)(10)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master